**Barry GOODMAN, Appellant,**

v.

**ST. LOUIS AUTO AUCTION,**
**Respondent.**

**No. 46717.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 31, 1984.

Motion For Rehearing and/or Transfer to
Supreme Court Denied March 8, 1984.

Harry James Nichols, St. Louis, for appellant.

Daniel Steigerwald, St. Louis, for respondent.

CRANDALL, Judge.

Barry Goodman, the claimant in this workers' compensation case, was employed by St. Louis Auto Auction (employer) as a car buffer at its premises in St. Louis County, Missouri. In July 1979, claimant injured himself when he fell from an eight-foot-high chain-link fence that he was climbing in order to leave his employer's premises at the end of the workday. His claim for compensation was denied by the Division of Workers' Compensation, the Labor and Industrial Relations Commission, and the circuit court because his injury did not arise out of and in the course of his employment. Section 287.120.1, RSMo (1978). Claimant appeals. We affirm.

The employer's premises were three buildings on a large lot surrounded by the fence. The only means of entering and leaving was through a gate the employer locked every evening at 5 p.m., the close of the business day. On the date claimant was injured, he and the other car buffers worked overtime. As was the custom when the crew worked overtime, they had all quit working at the same time and were waiting as a group at the locked gate for the foreman to unlock it and let them out. Instead of waiting for the foreman, claimant decided to climb the fence. Though the employer had not prohibited climbing the fence, claimant had never climbed the fence before nor did he know of anyone who had. Ten minutes after claimant fell, the foreman arrived to unlock the gate.

■ Ordinarily, injuries sustained by an employee on his employer's premises before or after work while he is either entering or leaving the premises are deemed to arise out of and in the course of employment, and therefore satisfy that requirement for compensability under The Workers' Compensation Law. *See Kunce v. Junge Baking Co.*, 432 S.W.2d 602, 606 (Mo.App.1968); 1 A. Larson, *The Law of* *Workmen's Compensation* § 15.00, at 4–3 (1978). The rule is subject to the proviso, however, that the portion of the premises on which the injury is sustained be "a part of the customary, expressly or impliedly approved, permitted, usual and acceptable route or means employed by workmen to get to and depart from their places of labor and is being used for such purpose at the time of the injury." *Kunce v. Junge Baking Co.*, 432 S.W.2d at 607. Nothing in the record shows that the workers customarily scaled the fence to depart from their place of work. Indeed, the undisputed evidence is that they customarily left through the unlocked gate.

■ Claimant contends that the salient facts in his case are similar to those in *Metting v. Lehr Const. Co.*, 225 Mo.App. 1152, 32 S.W.2d 121 (1930), affirming an award of compensation for the death of a worker who, at quitting time, fell to his death when he tried to descend from a work tower by sliding down a rope rather than by using the tower's ladder. The evidence in *Metting*, however, was that other workers had used the rope to descend from the tower, and that the employer knew of the practice but failed to forbid it. That evidence would comport with the proviso to the "going and coming rule" set out earlier, while claimant's evidence does not. Nor is this case like *Smith v. Hussman Refrigerator Co.*, 658 S.W.2d 948 (Mo.App. 1983), holding that an employee may be compensated for injury sustained within the sphere of his employment, though he may have disobeyed an order as to how to do the work. In this case, claimant was not within the sphere or scope of his employment when he was injured.

[W]here an employer does furnish a safe means of ingress and egress and the employe, for his own convenience, choses not to use it but, instead, selects a more hazardous means of leaving the premises, not customarily used by employes, he steps outside the scope of his employment and it cannot then be said that an injury which he sustains while so leaving

the premises arises out of his employment.

*Corcoran v. Fitzgerald,* 239 Minn. 38, 58 N.W.2d 744, 746 (1953).

The Commission correctly concluded that claimant's injury did not arise out of and in the course of claimant's employment. The circuit court's judgment upholding that conclusion and denying compensation is affirmed.

KAROHL, P.J., and REINHARD, J., concur.